## FOLLMER *v.* DALE.

A promise by a third person to pay or guaranty the payment of purchase-money of land, where the sale was perfected and possession taken, is not within the statute of frauds.

Giving time to the principal debtor, or other alteration of the contract, does not discharge a guarantor, if it be shown he suffered no injury.

IN error from the Common Pleas of Northumberland.

*Aug.* 3. The plaintiff declared upon a guaranty by Follmer on the sale of a house by plaintiff to Garman, that he would pay the purchase-money, and also that in consideration of a sale of the house to Garman, Follmer promised to pay the price. The evidence was of a parol undertaking, and that a deed had been executed by plaintiff to Garman, who entered on the property, and a verdict was taken on both counts. Some time after the sale, plaintiff took a note from Garman payable in one year, on which judgment was entered at maturity, and the land sold by the sheriff.

The material points raised on the charge were, whether the defendant was liable on such a contract, and whether the alteration of the contract, and the giving time by taking a judgment-note, payable in one year, discharged the guarantor.

The court said that the taking a note and entering judgment, would not discharge the defendant; and whether the delay would, or would not, depended on whether he was surety or guarantor—if surety, he was discharged, but if a guarantor, then the plaintiff must prove that no injury was done by the delay.

*Comly*, for plaintiff in error, cited 4 Barr, 78; 1 Ib. 501; 2 W. 47; 4 Ib. 287.

*Lawson* and *Higgins*, contrà.

*Aug. 5.* ROGERS, J. (after stating the case.)—It is objected that the plaintiff cannot recover on this title, because in that view of the agreement it is a parol contract, and as such comes within the statute of frauds. To this, however, it is answered, that although by parol, yet it is an executory contract, and that the contract has been executed. Follmer agreed to pay the purchase-money to Dale. He was the principal debtor, and without his engagement to pay, Garman would not have agreed to pay, nor would Dale have agreed to sell, as it was well known to both that Garman was unable to comply with the terms of the contract. In pursuance of the agreement, Garman took possession of the property, or continued to enjoy it as his own; received a deed from Dale, and it was afterwards sold by the sheriff for the payment of the debt. This is such a part execution of the contract as to take the case out of the statute, and comes directly within a class of cases so well known that it would be superfluous to cite them. To enable Follmer to cut himself loose from the contract would encourage, not prevent fraud. Next, as to the guarantee. On this part of the case, we think the answer of the court was as favourable as the defendant had any reason to expect. The court instructed the jury that there was a difference between a surety and a guaranty. In the case of a surety, if the time of payment be postponed against the principal debtor, without the assent of the surety, as if the creditor gave an extension of credit beyond the time mentioned in the contract, the surety will be discharged. But in the case of a guaranty, which is collateral to the agreement of the creditor, if the evidence satisfy the jury that no injury has been sustained by the guarantee, or that the obligee, for whom the guaranty was made, was insolvent and unable to pay at the time the guaranty was made, and continued so afterwards, a mere extension of time of payment would not discharge the persons making the guaranty, that the giving time, as in the present case, would not prevent the recovery of the plaintiff. The first part of the error assigned in relation to the surety is in accordance with the case of Clippinger *v.* Creps, 2 W. 47. This is conceded, but the answer is said to be wrong as to the guaranty. But that there is a difference between a surety and the case of a collateral undertaking to guaranty the payment of a debt, is shown by the case of Norton *v.* Eastman, 4 Greenl. 521 ; Terrell *v.* Smith,

8 Con. 426. In the former the creditor and principal debtor have no right to vary the contract without his consent. If they undertook to do so the surety is discharged, for he has a right to say *non in hæc fœdera veni*. But in the latter it is different, for though they have no right to alter the contract to the prejudice of the guarantor, yet when it distinctly appears he has not been injured, he cannot complain. When the terms of the contract have been varied without his consent, it is *primâ facie*, but not conclusive evidence of injury, and the effect is to throw the *onus probandi* on the creditor, who is bound to prove that, notwithstanding the change in the terms of the agreement, no injury has resulted to the guarantor. We agree with the court that nothing has been shown in prejudice of the guarantor. Taking the judgment, entering it up and selling the property, cannot be presumed to have injured the guarantor. This course was calculated to aid and benefit Follmer, as it secured a lien on the house and lot, and the funds arising therefrom were appropriated to payment of the debt. Instead of an injury it was a benefit to him to that amount. We see nothing like an abandonment of the agreement with Follmer by proceedings to enforce payment of the debt, as far as practicable, by the judicial sale.

We are further of the opinion, that although the first point is not answered in its exact terms, yet that it is substantially answered, and that the cause was put to the jury on its true grounds.

Judgment affirmed.